IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH LUCAS, JR., | No. CIV S-10-3252-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| GARY SWARTHOUT, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for preliminary injunction (Doc. 7).

      Plaintiff is requesting injunctive relief to require the defendants to provide him single cell status. The defendants in this action include the warden, associate warden, a facility captain, and a counselor all located at California State Prison Solano (CSP-Solano), as well as an appeals examiner and the Chief for Inmate Appeals at California Department of Corrections and Rehabilitations (CDCR). Other than the appeals personnel, there are no named defendants outside CSP-Solano, and there are no defendants in this action who appear to have any control over what happens at other facilities.

Plaintiff was incarcerated at CSP-Solano at the time he filed this action.  In his complaint he claims the defendants, all employees at CSP-Solano, have been deliberately indifferent to his medical need by failing to approve him for single cell status.  He has since been transferred to another institution, R.J. Donovan Correctional Facility (RJD).  While plaintiff complains the authorities transferring him from one facility to another in order to avoid granting him single cell status, there is no defendant named in this action who would have the power to authorize plaintiff's cell assignment at a facility other than CSP-Solano.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S. Ct. at 374).

Although plaintiff does not specify in his motion against whom he is requesting a preliminary injunctive order, the only individuals this court would have jurisdiction over are the named defendants.  As plaintiff is no longer incarcerated at the facility where the named defendants are located, plaintiff is essentially requesting injunctive relief against individuals who are not named as defendants in this action, namely the authorities at his new facility.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  The request must, therefore, be denied.

2

In addition, where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).  Here, plaintiff indicates that he was transferred to RJD in order to facilitate obtaining a single cell.  There is no indication that the transfer is temporary or that he will be transferred back to CSP-Solano in the near future.  To the extent plaintiff is claiming that since his transfer he has been denied a single cell, and his medical needs are therefore being interfered with again at his new location, those claims would necessarily have to be the subject of a separate action.

Based on the foregoing, the undersigned recommends that plaintiff's motion for a preliminary injunction (Doc. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE