IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISIAH LUCAS, JR.,   No. CIV S-10-3252-GEB-CMK-P

      Plaintiff,

    vs.   ORDER

GARY SWARTHOUT, et al.,

      Defendants.

                               /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint alleges deliberate indifference to his serious mental health by prison officials by failing to provide him a single cell based on medical advice.  From his statements and the attachments to his complaint, it appears that plaintiff was issued a chrono for a single cell in 2006.  However, a new chrono was issued in 2007, indicating single cell status was no longer necessary.  In 2010, plaintiff was transferred to California State Prison - Solano (CSP-Solano), and went before the classification committee to determine appropriate housing at that institution.  The committee determined, based on the 2007 chrono, that plaintiff was not entitled to single cell status, and was therefore required to take a cellmate.  Plaintiff apparently appealed that decision, using the inmate grievance system.  Through that appeal, plaintiff was sent for a reevaluation, and it was again determined that he should be placed in a single cell based on his mental health issues.  The new single cell chrono was issued October 29, 2010. Plaintiff was then transferred again in December 2010, and is no longer housed at CSP-Solano.

The defendants named in this suit include the warden and associate warden from CSP-Solano, two correctional officers, and two inmate appeal coordinators.  It is unclear whether any of the named defendants were on the committee that denied plaintiff a single cell.

## II. DISCUSSION

Plaintiff's complaint suffers from several defects.  First, from the allegations in the complaint and the attachments thereto, it appears that plaintiff's claim of medical indifference would be against the committee members who determined, in July 2010, that plaintiff did not qualify for a single cell.  However, that decision was based on the 2007 chrono that plaintiff did

2

not meet the single cell criteria.  If that was the current medical determination before the committee, there is no basis for deliberate indifference, as the committee's determination was based on medical opinion and was not arbitrary and capricious.

   The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

   Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

1  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See
2  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

3        The requirement of deliberate indifference is less stringent in medical needs cases
4  than in other Eighth Amendment contexts because the responsibility to provide inmates with
5  medical care does not generally conflict with competing penological concerns.  See McGuckin,
6  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
7  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
8  1989).  The complete denial of medical attention may constitute deliberate indifference.  See
9  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
10 treatment, or interference with medical treatment, may also constitute deliberate indifference.
11 See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also
12 demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

13       Negligence in diagnosing or treating a medical condition does not, however, give
14 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
15 difference of opinion between the prisoner and medical providers concerning the appropriate
16 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
17 90 F.3d 330, 332 (9th Cir. 1996).

18       Nothing in plaintiff's complaint can be construed as a claim for deliberate
19 indifference against any of plaintiff's medical providers for failure to properly evaluate his
20 medical needs.  Rather, he is challenging the housing determination, which he claims is based on
21 his mental health status, and the recommendation from his providers that he be placed in a single
22 cell.  However, that recommendation was issued after the classification committee hearing.

23       Second, assuming plaintiff could state a claim for deliberate indifference to his
24 medical needs, he fails to identify who is personally responsible for that constitutional violation.
25 It does not appear that any of the named defendants are directly responsible for the decision not
26 to place plaintiff on single cell status.  The defendants named are either supervisory defendants,

4

appeals coordinators, or correctional officers.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

Thus, plaintiff's indication that he notified the warden and associate warden of the housing determination is not sufficient. Only if the housing decision was made by either the warden or associate warden, or made at their direction, could these supervisory defendants be liable. Knowledge of another's decision is insufficient.

Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.

1  Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling
2  inmates to a specific grievance process).  Because there is no right to any particular grievance
3  process, it is impossible for due process to have been violated by ignoring or failing to properly
4  process grievances.   Numerous district courts in this circuit have reached the same conclusion.
5  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly
6  process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863
7  (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address
8  grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL
9  29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process
10 a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967
11 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function
12 properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment
13 right to petition the government through the prison grievance process.  See Bradley v. Hall, 64
14 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in
15 certain circumstances, implicate the First Amendment.

16         Therefore, the appeals coordinators who addressed plaintiff's inmate grievance are
17 not responsible for plaintiff's housing decision.  There is no indication that plaintiff's attempts to
18 file a grievance were thwarted, rather it appears he was successful in obtaining a new evaluation
19 through the grievance process.  Therefore, the appeals coordinators cannot be liable for the
20 determination that plaintiff did not meet the single cell housing criteria at the time of his
21 classification committee hearing.

22         Finally, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
23 connection or link between the actions of the named defendants and the alleged deprivations.
24 See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
25 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
26 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff fails to identify who is directly responsible for the decision that he did not qualify for single cell housing. As mentioned above, it would appear to be the decision of the classification committee, and none of the defendants named in this action are identified as members of that committee. Therefore, plaintiff's complaint is insufficient as presented. At best, it appears that plaintiff's may be able to state a claim for deliberate indifference to his medical condition if he can properly allege that he presented to a committee a current chrono that he met the criteria for single cell housing and that chrono was deliberately disregarded. If that is the case, it would appear this would have happened sometime between October and December 2010. Otherwise, if the committee decisions were based on a chrono stating plaintiff was not eligible for single cell housing, plaintiff cannot claim any committee member was deliberately indifferent. If, however, the committee members ignored a chrono, it is possible plaintiff could state a claim against members of the committee who made the decision to ignore plaintiff's mental health needs. The wardens, plaintiff's correctional counselor, and appeals coordinators do not appear to have been personally involved any decision regarding plaintiff's housing.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to

1  amend, all claims alleged in the original complaint which are not alleged in the amended
2  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
3  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
4  plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
5  complete in itself without reference to any prior pleading.  See id.

   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

   Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's complaint is dismissed with leave to amend; and

   2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED:  November 14, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE