IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH LUCAS, JR., | No. CIV S-10-3252-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| GARY SWARTHOUT, et al., | |
| Defendants. | |
| _____ / | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 39).

   Plaintiff's original complaint was dismissed with leave to amend as plaintiff failed to plead facts sufficient to state a claim, and failed to identify who was responsible for the alleged violations.  Plaintiff fails to correct the deficiencies previously identified in his amended complaint.

   As stated in the court's prior order, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be

1

granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's amended complaint continues to allege deliberate indifference to his serious mental health condition by prison officials at California State Prison-Solano by failing to provide him a single cell based on medical advice.  Plaintiff states that he received a single cell recommendation from his mental health providers on October 29, 2010.  He thereafter attempted to obtain a new classification in order to be single celled.  He states his requests essentially were not honored.  However, he states sometime after October 29, 2010, and prior to his transfer on December 28, 2010, his cell-mate was moved.  He was then transferred to another institution on December 28, 2010.

## II. DISCUSSION

Plaintiff was previously informed as to what is required to state a claim for violation of his Eighth Amendment rights.  As stated in the court's prior order, the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).

1     The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards,
2 humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of
3 confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347
4 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter,
5 sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th
6 Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are
7 met: (1) objectively, the official's act or omission must be so serious such that it results in the
8 denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison
9 official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See
10 Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a
11 "sufficiently culpable mind." See id.

12         Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
13 injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at
14 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental
15 health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is
16 sufficiently serious if the failure to treat a prisoner's condition could result in further significant
17 injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050,
18 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
19 Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
20 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
21 activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See
22 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

23         The requirement of deliberate indifference is less stringent in medical needs cases
24 than in other Eighth Amendment contexts because the responsibility to provide inmates with
25 medical care does not generally conflict with competing penological concerns.  See McGuckin,
26 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

1   decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
2   1989).  The complete denial of medical attention may constitute deliberate indifference.  See
3   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
4   treatment, or interference with medical treatment, may also constitute deliberate indifference.
5   See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also
6   demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

7          Here, according to the allegations in plaintiff's amended complaint, he received a
8   single cell recommendation from his mental health providers on October 29, 2010.  Between that
9   date and the date of his transfer, two months later, he requested a reevaluation of his cell status to
10  accommodate his need to be single celled.  Sometime before his transfer, his cell mate was
11  removed from his cell, and he was unofficially single celled.  It is unclear when this occurred, but
12  it appears to have happened shortly after he received the single cell recommendation.  Thus,
13  while not officially classified as single celled, plaintiff was in fact housed in a cell by himself
14  pending his transfer.  Even if his cell mate was not transferred shortly after he received the single
15  cell recommendation, he was only double celled for at most two months prior to his transfer.
16  Such a short delay in having plaintiff re-evaluated by the classification committee would be
17  insufficient to state a deliberate indifference claim under the Eighth Amendment.

18         In addition, based on the court's evaluation of his original complaint, and the
19  inmate grievance appeals he has attached to his amended complaint, it appears that his original
20  issue was that the classification committee failed to honor an old 2006 recommendation for
21  single cell that was outdated and overridden by a 2007 chrono stating plaintiff did not meet the
22  single cell criteria.  The classification committee's decision was based on the 2007 chrono as it
23  was prior to plaintiff's new 2010 chrono stating he should be housed in a single cell.  Plaintiff
24  fails to address this issue in his amended complaint.

25         Either way, plaintiff fails to state a claim for deliberate indifference.  A two month
26  delay in re-classifying plaintiff as single cell status, especially in light of his acknowledgment

that his cell mate was moved out of his cell, is insufficient to show deliberate indifference. Plaintiff was aware that he was scheduled for transfer, and it is apparent that the prison officials attempted to accommodate plaintiff's need for being without a cell mate by removing his cell mate prior to the transfer.  Plaintiff therefore fails to state a claim in his amended complaint, which should be dismissed.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's amended complaint be dismissed for failure to state a claim, without further leave to amend, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 21, 2014

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE